DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MELAIM ELMAZI,

                Plaintiff,

-against-

HARVARD MAINTENANCE, INC.,

                Defendant.

**MEMORANDUM AND ORDER**
10-CV-1311 (KAM) (LB)

MATSUMOTO, United States District Judge:

Plaintiff, Melaim Elmazi, brings this *pro se* action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's request is denied. If plaintiff intends to commence this action, he shall pay the statutory filing fee of $350 within ten days of the date of this order to proceed with this action.

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Lampman v. Friedman & Levine, Inc., No. 07 CV 3423, 2007 WL 2471725, at *1 (E.D.N.Y. Aug. 30, 2007); Gregory v. NYC Health & Hospitals Corp., No. 07 CV 1531, 2007 WL 1199010 at *1 (E.D.N.Y Apr. 17, 2007). Title 28 U.S.C. § 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).

The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. Maccaro v. New York City Health & Hosp. Corp., 07 CV 1413, 2007 WL 1101112 at *1 (E.D.N.Y. Apr. 11, 2007); Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

The financial declaration that plaintiff has submitted (Doc. No. 2, "Decl.") does not satisfy the court that he is unable to pay the court's filing fee to commence this action. Plaintiff's financial declaration alleges that he receives monthly income in the amount of $2600.00. (Decl. ¶ 13 (b).) In addition, plaintiff alleges that he has $14,000.00 in a checking or savings account. (Id. ¶ 4.) For expenses, plaintiff alleges that he pays maintenance in the amount of $518.84. (Id. ¶ 7.) The court concludes that plaintiff's declaration establishes that he has sufficient resources to pay the $350 filing fee to commence this action. Accordingly, his request to proceed IFP is denied.

Plaintiff shall pay the $350 filing fee within ten days of the date of this Order. No summons shall issue at this time and all further proceedings shall be stayed for ten days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the court shall dismiss the Complaint without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Order to plaintiff.

SO ORDERED.

KIYO A. MATSUMOTO
United States District Judge

Dated: April 6, 2010
Brooklyn, New York

2